17-2774
First Technology Capital, Inc. v. Airborne, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand eighteen.

PRESENT:
    DENNIS JACOBS,
    CHRISTOPHER F. DRONEY,
        Circuit Judges,
    STEFAN R. UNDERHILL,*
        District Judge.
_____

First Technology Capital, Inc.,
        Plaintiff-Appellant,

-v.-                                              17-2774

Airborne, Inc., DBA FirstFlight,
        Defendant - Third-Party Plaintiff - Appellee,

_____

        *    Judge Stefan R. Underhill, United States District Court for the District of Connecticut, sitting by designation.

1

**Tailwind Capital LLC, Freighter Solutions, LLC, Solutions 4 VIP, LLC,**
       **Third-Party Defendants.**

_____

**FOR PLAINTIFF-APPELLANT:**          MICHAEL J. GARTLAND, DelCotto Law Group PLLC, Lexington, KY.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED**.

In this diversity case, First Technology Capital, Inc. ("FTC") alleges that Airborne, Inc. ("Airborne") breached its contractual obligation to purchase an aircraft from FTC when it refused to accept the aircraft that FTC tendered. The United States District Court for the Western District of New York (Wolford, J.) granted Airborne's motion for judgment on the pleadings based on the perfect tender rule and consequently denied as moot FTC's motion for summary judgment on the issue of contract reformation. FTC's sole argument on appeal is that the court erred by failing to consider its request for reformation prior to adjudicating Airborne's perfect tender defense. Airborne has declined to participate in this appeal, neither filing a written brief nor appearing at oral argument to defend the judgment below. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

FTC's request for reformation has been properly pleaded,[1] but we express no view on its merit. FTC's appeal

_____

[1] FTC clearly pleaded the facts underlying a claim of mutual mistake, and no more is needed to support a request for reformation. See Smith v. Bear, 237 F.2d 79, 86 (2d Cir. 1956) ("[A] plaintiff is entitled to pursue [a] claim for . . . reformation" even if "he fail[s] to seek it

2

concerns only the court's sequence of analysis.  FTC concedes that the aircraft it tendered did not conform to the specifications laid out in the parties' contract.  But it asserts that those specifications were included by mutual mistake, and that Airborne's perfect tender defense cannot withstand reformation of the contract to reflect the specifications actually intended by both parties.  In short, FTC argues that the court could not have disposed of the case on the ground that FTC tendered a non-conforming good without first deciding which good the parties actually intended for FTC to tender.

"Under New York law, which governs by reason of the choice of law clause[] in the [parties' contract], '[t]he fundamental . . . precept of contract interpretation is that agreements are [to be] construed in accord with the parties' intent.'"  In re Delta Air Lines, Inc., 608 F.3d 139, 146 (2d Cir. 2010) (third alteration in original) (quoting Greenfield v. Philles Records, Inc., 780 N.E.2d 166, 170 (N.Y. 2002)).  Airborne opposed FTC's request to reform the contract to reflect the parties' intent in the district court, but it has not contested FTC's assertion that the court should have considered that request before adjudicating the perfect tender defense.  In view of this lack of opposition and the resulting lack of briefing on the relevant points of New York law, we conclude that the prudent course is to **VACATE** the judgment in Airborne's favor and **REMAND** the case with instructions that the district court consider anew FTC's motion to reform the contract to reflect the parties' intent *before* addressing Airborne's perfect tender defense.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

expressly in his pleading as long as the issue of mutual mistake is raised by the pleading.").

3